OPINION
By BARNES, J.
The above entitled cause is now being determined as an error proceeding by reason of defendant Powell, administrator’s, appeal on questions of law.
The action originated in the Common Pleas Court of Miami County, and was a will contest, seeking to set aside the will of Elmira H. Reed, previously admitted to probate in the Probate Court of Miami County, Ohio.
Following the filing of the petition, the trial court made up the issues by duly journalized entry. The proponents of the will, following the statute, introduced in evidence the will, application to probate, order to probate and all other papers connected therewith, including the appointment as administrator with the will annexed and rested. Thereupon counsel for contestants interposed a motion asking that the court direct a verdict, under the claim that the written document on its face disclosed that it was not signed at the end thereof, as required under the law and hence could not be accepted as the last will and testament of Elmira H. Reed.
The trial court sustained the motion and directed a verdict in favor of the contestants.
Motion for new trial was filed, overruled and within proper time notice of appeal was filed, thereupon lodging the case in our court.
The sole and only question considered by the trial court and for our determination is whether or not the purported will was signed at the end thereof.
We are favored with the opinion of the trial court and thereby we ascertain that the court relied entirely upon the case of Sears, et al. v Sears, et al., 77 Oh St 104.
Counsel for the respective parties present very able and comprehensive briefs.
At this point it is important to carefully examine the purported will. The instrument is tyepwritten and is on a single sheet of paper, occupying the equivalent of about one-half sheet of foolscap paper. The body of the will is single spaced, except that paragraphs are separated with a double space. It is dated October 2, 1931. The first two short paragraphs follow the usual form of statements. Then follows the dispository provisions, set out in three paragraphs, although closely connected as. to subject matter but not separately numbered. The remainder of the purported Will is set out in full, attempting as nearly as possible to present an exact picture of the document:
“I appoint Stella D. Kraus executrix without bond.
Signed and acknowledged by said Elmira H. Reed, as her last will and testament in our presence, and signed by us in her presence.
Witness: Helen M. Powell N. H. Powell
In Testimony hereof, I have set my hand this second day of October, 1931.
Elmira H. Reed.”
*446 The signatures of the witnesses and the testatrix are signed with pen and ink and are not typewritten.
Old Sec. 10505 GC, which was in effect at the time the purported will was executed, is controlling. This section reads as follows:
“10505. How will made. Except nuncupative wills, every last will and testament must be in writing, but may be handwritten or typewritten. Such will must be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge it.”
This section was formerly §5916 Revised Statutes.
Prior to this legislative enactment, wills were admitted to probate and sustained where the testator acting as his own scrivener, wrote his name in the first line of the document and did not otherwise sign it at all. Following the enactment the courts at first considered that the purpose of the law was to modfy the earlier judicial holdings.
Later the courts determined as an added reason the prevention of fraud through added dispositive provisions following the signature.
Many cases are found where added dispositive provisions follow the signature, and it is universally held under such situations that this voids the will, unless, perchance, it be shown that such added paragraphs .were added after the will was fully executed. This latter principle was evolved upon the well recognized theory that after the will was duly executed changes or additions are absolutely void and do not affect the original document as executed, unless it could be said that such alterations, additions or changes had the legal effect of revoking the will. Hane v Kinter, 110 Oh St 297.
We find another .line of cases where it was sought to have it judically determined that where the signature of the testator did not immediately follow the dispository provisions of the purported will, or where a testamentary clause was inserted and not immediately following the dispository provisions, that the statutory requirement that wills should be signed at the end thereof was not complied with. It was argued in support of this legal principle that any considerable space between dispository provisions of a will or a testaemntary clause would afford opportunity for inserting additional dispository clauses and thereby permit the very fraud which the legislative enactment was intended to obviate.
In some jurisdictions the courts, follow this line of thought. This is not true in Ohio. The leading case in this state is that of Mader et al v Apple et al., 80 Oh St 691. In this case it appears that the will was written on a four page will blank. The heading and formal parts were printed, as was the testamentary clause would afford of page 3. There was a space of 23% inches between the last testamentary clause and the testimonium clause. The trial court, directed a verdict, on the ground that the will was not signed at the end thereof. The Circuit Court reversed and the Supreme Court affirmed the Circuit Court. The opinion was by Crew, CJ\, and was concurred in by all members of the court.
*447 Counsel for appellees question this pronouncement as being sound law. The writer of this opinion is very familiar with this Mader case, being of counsel representing the proponents of the will. Naturally the pronouncement at the time it was made impressed me as being very good law. Possibly the writer was prejudiced at that time and it may also be possible that counsel for appellees are prejudiced at this time. However, eliminating all questions of prejudice, we must recognize that it stands as Ohio law, since it has not been questioned or modified since the release* of the opinion in 1909.
In the instant case we have the question presented under a distinctly different situation. We find only one case in Ohio substantially analogous, and that is the case of In re Cora Z. Mazurie (Tuscarawas County), 9 O. O. 163, opinion by Judge Lamneck, Probate Judge. Of course, this opinion, being by a Probate Court, is not binding on reviewing courts. However, Judge Lamneck is a student of probate procedure and is the author of Lamneck’s Probate Practice.
Our court is not averse to considering the decisions of any court, even though we are not bound to accept it under the rule of stare decisis. Judge Lamneck determined in the Mazurie case that the will was signed at the end thereof.
As heretofore stated, the trial court in the instant case based his decision almost entirely upon the case of Sears v Sears, 77 Oh St 104. In the opinion the court frankly states that he doubts the wisdom of the rule, but felt that the court’s decision, particularly the third syllabus, demanded a directed verdict. The third syllabus reads as follows:
“A will is not signed at the end thereof by the party making the same, when it is written by the party making it, upon a printed blank form containing a testimonium clause with blanks for the name of the place and date of execution, which he fills, and immediately following this a blank line for the signature of the maker, which he leaves blank, although he has written his name in the attestation clause, immediately following the testimonium clause, in a blank left for the name of the testator and may have intended such act as a signing.”
The trial court felt that the closing words in the third syllabus “may have intended such act as a signing,” made it impossible to distinguish the reported case from the instant case.
Our court .arrives at the conclusion that there are marked distinguishing features in the reported case, not only on the factual question but also upon the legal principal involved. It will be observed by reading the Sears case that the testatrix did not sign the instrument at all, unless the fact that she acted as her own scrivener and wrote her name in the attestation clause, intending it to be her signature. The first syllabus of the Sears case reads as follows:
“1. In the interpretation of the statute regulating the execution of wills the intention of the Legislature controls, and a will that is not executed as required by statute is invalid notwithstanding the intention of the testator.”
This legal pronouncement in effect states that intention is immaterial. Furthermore, this means that intention may not be shown. *448 A reading of the statement of the case on pages 107 and 108 will disclose that the trial court directed a verdict on the theory that the will was not -signed at the end thereof, as required under the statute. After the court indicated his intention to so hold, counsel for defendant then asked leave to withdraw submission of the case for the purpose of offering- additional evidence, and they then offered to prove that the words, “Arminda S. Nicholson,” in the attestation clause were the handwriting and signature of Arminda S. Nicholson, and that after her death the said will was found among her private papers in a box and inside the envelope on which was endorsed in her own handwriting “Last Will and Testament of Arminda S. Nicholson.” The trial court refused to admit this testimony. When the case was taken up on error, the refusal of the trial court to admit this testimony was one of the claimed errors. This specific ground of error was the occasion for Syllabus No. 1. Judge Summers, in rendering the opinion, on pages 127 and 128, quotes rather fully from the testimonium and attestation clauses as demonstrating that the will was not signed at the end thereof. We now quote from the bottom of page 127 and top of page 128:
“If a scrivener had prepared the will and had written her name where it appears in the attestation clause, her name there would have been merely doscriptio personae; and when it is shown that the testatrix was her own scrivener, the natural presumption is that it was so intended; and even if the fact was that the testatrix wrote her name there, intending by that act to sign her will, still her signature would not be at the end of the will, and her intention could not have the effect of transposing it. The question is, not what did the testatrix intend, but what did she do?”
In other words, the Supreme Court determined that regardless of intention this will was not signed at the end thereof. Even a layman taking this purported will and reading it in its entirety, would at once give expression to the fact that the testator had not signed it. When we recognize the legal principle that intention of the testator is immaterial, the conclusion is irresistible that Mrs. Nicholson did not sign the instrument at all.
In the instant case we have a materially different situation. There is no question that Mrs. Reed did sign the instrument and, furthermore, she signed it at the physical end thereof. It is true that it would have been in better form to have had the attestation clause follow the signature, but this merely goes to the form and not to the substance. Neither §10505 GC nor any other legislative enactment requires any testimonium or attestation clause. The courts very generally recognize this-principle. If necessary, both the testimonium and attestation clauses, may be disregarded as surplusage.
We are constrained to the view1 that the trial court was in error in directing a verdict in favor of the contestants.
Cause remanded for further proceedings according to law.
Costs in this court will be adjudged against the appellees.
GEIGER, PJ. & HORNBECK, J., concur.